IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

LISA RENEE SPRUIELL, Individually
and as Personal Representative of the Heirs
and Estate of JAMES LAWSON SPRUIELL,
Deceased;  and KIMBERLY AULD, Individually
and as Personal Representative of the Heirs and
Estate of JOHN WESLEY "TREY" AULD, III,
Deceased                                                                                        PLAINTIFFS

v.                                  No. 2:20-cv-7-DPM

AIR METHODS CORPORATION,
a Delaware Corporation                                                                  DEFENDANT

ORDER

Three years ago this month, Michael Bollen was the pilot of an Air Methods helicopter ambulance that collided with a flock of snow geese near Stuttgart, Arkansas.  The helicopter crashed, killing Bollen and the two nurses on board, James Spruiell and Trey Auld.  The estates of Spruiell and Auld sued Air Methods in an Alabama court for negligence connected with the bird strike.  Air Methods removed the case to the Northern District of Alabama.  With the parties' agreement, that court transferred it here in January 2020.  An Amended Final Scheduling Order is in place.  The Estates have moved to voluntarily dismiss their case.  They say they believe they'll need to add Bollen, the pilot, as a defendant.  Bollen was an Arkansawyer.  Two months ago,

an estate was opened for him in Garland County, Arkansas, and a special administrator was appointed to accept process. Bollen's widow was not involved in opening the estate, doesn't know the lawyers who did so, and doesn't want there to be an estate.

Having considered the material circumstances, the Court denies the nonsuit motion without prejudice. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017); *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). It's not clear what claim the Estates want to pursue against Bollen that's not already in the case. Air Methods has admitted that the pilot was the company's employee. His alleged negligence is imputed. The circumstances around the recent opening of Bollen's estate raise an eyebrow. The Court's impression, albeit on imperfect information, is that joining Bollen could be fraudulent in a procedural sense. The quest for a more favorable forum is not a proper reason to voluntarily dismiss. *Donner*, 709 F.3d at 697. While much of the parties' work to date could probably be recycled, the Court is concerned about sunk costs from the early forum disputes and some further delay. This crash happened three years ago. This case will soon be a year old and, instead of progress, a nonsuit would likely generate more litigation about the forum. Absent some good reason to the contrary, which has not yet been shown, let's move forward to the merits instead.

Motion, *Doc. 50*, denied without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 November 2020